UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| CECILIA RODGERS, | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION NO. 5:13-60 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| NESTLE PREPARED FOOD COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

This matter is before the Court upon two motions: the Motion to Partially Dismiss Complaint, or in the alternative, Motion for Partial Summary Judgment filed defendant, Nestle Prepared Food Company (DE 9), and the Motion to Amend Plaintiff's Complaint filed by the plaintiff, Cecilia Rodgers (DE 14). Rodgers filed a response to Nestle's motion (DE 13), and in turn, Nestle replied. (DE 15). This reply referenced Rodgers's proposed amended complaint, but Nestle did not file a response to the motion to amend in the time allowed. Having considered the motions and relevant law, the Court will grant Rodgers's motion to amend, in part, and will deny Nestle's partial motion to dismiss as moot.

### I.  Background

Rodgers's claims arise from her employment as the Safety and Health Manager for the Nestle factory in Mt. Sterling, Kentucky. Nestle offered Rodgers this position in March 2011. (DE 1-1, Complaint at ¶ 4). On April 1, 2011, Rodgers accepted that offer and signed an agreement with Nestle in which Nestle promised to reimburse certain relocation expenses incurred by Rodgers as she moved to Mt. Sterling. (*Id.* at ¶ 5). Rogers started her job with

Nestle on April 4, 2011, and in this position, she was responsible for overseeing employee safety and ensuring that Nestle accurately reported injuries to the Kentucky Office of Safety and Health, regulated under the Federal Office of Safety and Health Administration ("OSHA"). (*Id.* at ¶¶ 6-7). Nestle terminated Rodgers on February 13, 2012, and informed her that it was because she gave false statements to Nestle. (*Id.* at ¶ 23). In her Complaint, Rodgers alleges that she was actually terminated for her actions related to Nestle's OSHA compliance. (*Id.* at ¶¶ 23, 37-43). Rodgers further alleges that following her termination, the relocation agent hired by Nestle could not complete the sale contract of her house and so Rodgers incurred a loss on the eventual sale. (DE 1-1, Complaint at ¶¶ 22-25). With her Amended Complaint, Rodgers seeks to add allegations of gender discrimination and sexual harassment in violation of the Kentucky Civil Rights Act.

##  II.     Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings with the court's leave, which "[t]he court should freely give ... when justice so requires." Fed. R. Civ. P. 15(a)(2). A court, however, need not grant leave to amend under Rule 15 if the amendment would be futile. *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir. 2005); *see also Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 519 (6th Cir. 2010) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller,* 408 F.3d at 807 (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.,* 632 F.2d 21, 23 (6th Cir. 1980)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

Rodgers's tendered Amended Complaint largely incorporates the allegations of the original complaint, as 42 of the Amended Complaint's first 43 paragraphs are copied verbatim from the Complaint. More significantly, Rodgers has added claims for gender discrimination (Count IV) and sexual harassment (Count V) in the Amended Complaint.

### A. Breach of Contract Claim (Count I)

Rodgers alleges that she signed a relocation agreement on April 1, 2011, with Nestle that insured her: (1) one full year of employment during which she could only be fired for cause, and (2) all related relocation expenses that accrued when she accepted employment with Nestle. In both the original and Amended Complaints, Rodgers alleges that she was terminated without cause which forced her to suffer significant costs.[1] (DE 1-1, Complaint at ¶¶ 28-29; DE 14-2, Amended Complaint at ¶¶ 28-29). Nestle has argued this claim should be dismissed to the extent that it alleges Nestle was in breach of the relocation agreement by terminating Rodgers without cause. Nestle has argued that the relocation agreement which forms the basis of this claim does not state that Rodgers could be terminated only for cause. Nestle has provided this agreement, and courts may consider such materials under a motion to dismiss standard. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a

---

[1] In the proposed Amended Complaint, Rodgers has added a few words to a paragraph under this claim. The added words are in italics: "Plaintiff was terminated on February 13, 2012, without cause, *which caused Plaintiff to absorb significant costs related to the breach of the Relocation Agreement*." (DE 14-2, Amended Complaint at ¶ 29).

3

Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."). The relocation agreement does not establish or limit the possible grounds for terminating Rodgers.[2] Moreover, Rodgers has conceded that she was actually an "at will" employee (DE 13, Response at 3), and she has proposed that Count I be dismissed to the extent requested by Nestle. (DE 13-1, Proposed Order at 1). As a result, Count I would be futile to the extent that it is based on a theory that Rodgers's termination was a breach of contract. It can be amended to the extent that it is based on a theory that Rodgers was not properly reimbursed under the relocation agreement.

### B. Promissory Estoppel Claim (Count II)

In addition to the contract claim above, Rodgers also alleges promissory estoppel. Rodgers alleges that Nestle, by contract, promised to reimburse her for all costs related to her move to Mt. Sterling on the condition that she accepted employment with Nestle. According to the original and Amended Complaints, Rodgers relied on that promise to her detriment because she was bound to a contract for the sale of her real estate. Under Kentucky law, however, promissory estoppel "cannot be the basis for a claim if it represents the same performance contemplated under a written contract." *FS Investments, Inc. v. Asset Guar. Ins. Co.*, 196 F. Supp. 2d 491, 507 n. 16 (E.D. Ky. 2002) (quoting *Tractor and Farm Supply v. Ford New Holland,* 898 F.Supp. 1198, 1205 (W.D.Ky. 1995)). Nestle raised this argument in its partial motion to dismiss, and Rodgers apparently has conceded that this count should be dismissed.

---

[2] The "associate reimbursement agreement" actually provides: "If I [Rodgers] don't commence employment with Nestle or I voluntarily terminate my employment with Nestle (or are terminated for cause) within one year of my effective date of transfer, I will reimburse the Company for all relocation funds." (DE 9-2, Robert Love Aff., Exh. C at 8). It also references Nestle's Relocation Policy. (*Id.*)

4

Rodgers does not address this issue in her response, but her accompanying proposed order states that "Count II is DISMISSED with prejudice in its entirety." The Court again agrees with both parties, and Count II would be futile.

### C. Retaliatory Discharge Claim (Count III)

In both her original and Amended Complaints, Rodgers alleges that she was terminated in violation of public policy. As discussed above, Rodgers has conceded she was an "at will" employee. Under Kentucky law and the "terminable-at-will" doctrine, ordinarily "an employer may discharge his at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible." *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983). In *Firestone*, the Kentucky Supreme Court provided an exception to the "terminable-at-will" doctrine, holding that an employee has a cause of action for wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by a constitutional or statutory provision. *Id*. The issue of whether the public policy asserted is well-defined and fundamental is a question of law. *Id*. at 733. In *Gryzb v. Evans*, 700 S.W. 2d 399, 402 (Ky. 1985), the Kentucky Supreme Court further refined the law of wrongful discharge, holding that, where there is no statute explicitly prohibiting the discharge, there are only two situations that give rise to a wrongful discharge claim. The first such situation is where the employee is discharged for failing or refusing to violate a law in the course of her employment; and the second such situation is where the employee is fired for exercising a right conferred by a well-established legislative enactment. *Id.*

The issue before this Court is whether, pursuant to the rules established by the Kentucky Supreme Court, Rodgers's discharge violated public policy. Rodgers alleges that she was fired by Nestle after telling supervisors about false OSHA injury reports. She alleges that "[s]oon

5

after Plaintiff reported the correct work related information to OSHA against, Plaintiff was called into a meeting, placed under surveillance outside of work, and was terminated without cause." (DE 1-1, Complaint at ¶ 43; DE 14-2 Amended Complaint at ¶ 43). Rodgers has cited no statute explicitly prohibiting an employer from firing an employee in retaliation for providing information to OSHA. She cites not statutes or legislative enactments in her complaints, but she refers to OSHA specifically throughout. (DE 1-1, Complaint at ¶¶ 6, 8, 11-13, 15-18, 38, 39, 41, 42; DE 14-2, Amended Complaint at ¶¶ 6, 8, 11-13, 15-18, 38, 39, 41, 42).

Her claim appears to arise from the public policy evidenced in 29 U.S.C. § 660(c) and K.R.S. § 338.121, the statutes prohibiting retaliation under the federal and Kentucky Occupational Safety and Health Acts. These statutes specifically provide a remedy for retaliatory discharge. Where a statute "both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute." *Gryzb*, 700 S.W.2d at 401. As a result, the claim is preempted because it is based on the same public policy embodied in these statutes. *See Hill v. Kentucky Lottery Corp.*, 327 S.W.3d 412, 421 (Ky. 2010) ("In the context of a wrongful discharge case, preemption occurs when the statutes that establish the 'well-defined public policy' violation which supports the wrongful discharge pleading are the same statutes that establish a statutory cause of action for, and structure the remedy for, violations of that public policy.").

In response, Rodgers has argued that this claim is based on a different public policy, but as in the complaints, she does not state what constitutional or statutory provision evidences this policy. Alternatively, she argues that she was terminated for refusing to violate the law. Again, as in the complaints, she does not identify what law she refused to violate. Because nothing in

6

the complaints suggests Rodgers states a plausible claim for wrongful discharge in violation of public policy, this claim would be futile.

### D. Kentucky Civil Rights Act Claims (Counts IV and V)

In her Amended Complaint, Rodgers seeks to add claims for gender discrimination (Count IV) and sexual harassment (Count V) pursuant to the Kentucky Civil Rights Act, K.R.S. § 344.030, *et seq.* ("KCRA"). Nestle has not challenged these claims, and it would be unusual to dispose of these type of claims on a motion to dismiss. Given that lack of opposition, and because motions to amend should be freely granted, the Court will grant the motion to amend with regard to these facially plausible claims.

### III. Motion to Dismiss

In light of the Court's rulings on Rodgers's motion to amend, the Court will deny Nestle's previously filed partial motion to dismiss as moot. *See Ky. Press Ass'n, Inc. v. Ky.*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supercedes the original complaint, thus making the motion to dismiss the original complaint moot." (citing *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir. 2000)).

### IV. Conclusion

Accordingly, for the above stated reasons, the Court HEREBY ORDERS as follows:

1. Plaintiff Cecilia Rodgers's Motion to Amend Plaintiff's Complaint (DE 14) is **GRANTED in part and DENIED in part;**

2. Defendant Nestle Prepared Food Company's Motion to Partially Dismiss Complaint, or in the alternative, Motion for Partial Summary Judgment (DE 9) is **DENIED as moot**; **and**

3.  Plaintiff shall **FILE** an amended complaint consistent with the rulings set forth in this Memorandum Opinion and Order within **fourteen (14) days** of entry of this Memorandum Opinion and Order.

This 1st day of August, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge